IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DARREL BLOOMQUIST,<br><br>                    Plaintiff,<br><br>v.<br><br>BARCLAYCARD SERVICES,<br><br>                    Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT<br><br><br>Case No. 2:15-CV-912 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff's Motion for Entry of Default Judgment. Plaintiff Darrel Bloomquist argues that Defendant Barclays Bank Delaware[1] untimely responded to his Complaint and Motion for Default Judgment.

I. BACKGROUND

On or about October 8, 2015, Plaintiff filed this action in state court. On December 30, 2015, Defendant removed this action to federal court. Seven days later, Defendant filed its Answer on January 6, 2016. That same day, Plaintiff filed his Motion for Default Judgment. Defendant responded to Plaintiff's Motion on January 25, 2016.

II. DISCUSSION

Under Federal Rule of Civil Procedure 81(c),

> A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:
> (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief;

---

[1] Plaintiff erroneously identified Defendant as Barclaycard Services rather than Barclays Bank Delaware in his Complaint. *See* Docket No. 9, at 1.

    (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or

    (C) 7 days after the notice of removal is filed.

Here, Defendant responded to Plaintiff's Complaint seven days after the notice of removal was filed in accordance with Rule 81(c) and was therefore, timely.

In his Objection, Plaintiff argues that Defendant untimely responded to Plaintiff's Motion for Default Judgment within the 14 day response period allowed under DUCivR 7-1(b)(3)(B). However, Plaintiff fails to consider Federal Rule of Civil Procedure 6(d), which provides for an additional three day mailing period. In this case, the 17 day time period for Defendant's Response fell on January 23, 2016, a Saturday. Under Rule 6(a)(1)(C), "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Here, Defendant's Response to Plaintiff's Motion for Default Judgment was due on January 25, 2016, on which date Defendant filed its Response. Accordingly, Defendant's Response to Plaintiff's Motion was timely.

### III.   CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Default Judgment (Docket No. 10) is DENIED. The Court will now set this matter for an initial pretrial conference.

DATED this 11th day of April, 2016.

BY THE COURT:

_____
Ted Stewart
United States District Judge