IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DARRELL BLOOMQUIST,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>BARCLAYCARD SERVICES,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS<br><br><br>Case No. 2:15-CV-912 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings. For the reasons discussed below, the Court will grant the Motion but will allow Plaintiff to file an Amended Complaint to address the deficiencies in his original Complaint.

I.  BACKGROUND

Plaintiff, proceeding pro se, filed a Complaint in state court on October 8, 2015. Defendant removed the action to this Court on December 30, 2015, and filed its Answer on January 6, 2016.  Defendant filed the instant Motion on May 5, 2016.

Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA") by removing certain funds from his bank account.  Plaintiff alleges that these transfers were unlawful and without prior authorization.  Plaintiff alleges that he has suffered damages as a result of Defendant's actions.

1

## II.  STANDARD OF REVIEW

Defendant seeks judgment on the pleadings under Rule 12(c).  The Court applies the same standards in evaluating motions under Rule 12(b)(6) and Rule 12(c).[1]

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[2]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[3] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[4]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[5]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[6]  As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

---

[1] *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n. 2 (10th Cir. 2002).

[2] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[6] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

complaint has alleged—but it has not shown—that the pleader is entitled to relief.[7]

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[8]  This means "that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[9]  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[10]

### III.  DISCUSSION

Plaintiff alleges that Defendant violated the FDCPA.  The FDCPA prohibits certain practices by debt collectors.  To prevail on a claim under the FDCPA, Plaintiff must prove that Defendant is a debt collector and that it violated a provision of the FDCPA.  Defendant argues that Plaintiff has failed to do so.

The Court agrees that Plaintiff's Complaint is deficient.  Plaintiff does not adequately allege that Defendant is a debt collector as defined by the FDCPA.   Nor has Plaintiff adequately alleged that Defendant's conducted violated the FDCPA.  Thus, Plaintiff's Complaint fails to adequately state a claim.  However, given Plaintiff's pro se status, the Court will permit amendment to cure these deficiencies.

---

[7] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).

[8] *Hall v. Bellmon*, 935 F.2d 1006, 1110 (10th Cir. 1991).

[9] *Id.*

[10] *Perkins v. Kan. Dept. of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

Defendant seeks dismissal with prejudice, arguing that it is not a debt collector and that its actions did not violate the FDCPA.  Specifically, Defendant argues that it "is a credit card issuer and any electronic transfer made by Barclays was in connection with a debt owed to Barclays."[11]  This statement goes beyond the information contained in the pleadings.  As set forth above, the Court's consideration is limited to the pleadings.  The exact nature of the parties' relationship and the conduct of which Plaintiff complains is not clear from the record before the Court.  Thus, amendment is required to allow Plaintiff an opportunity to more adequately assert his claims.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Judgment on the Pleadings (Docket No. 22) is GRANTED.  Plaintiff is directed to file an Amended Complaint within thirty (30) days to address the deficiencies set forth above.

DATED this 7th day of June, 2016.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[11] Docket No. 22, at 5.