IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DARRELL BLOOMQUIST,<br><br>             Plaintiff,<br><br>v.<br><br>BARCLAYCARD SERVICES,<br><br>             Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br><br>Case No. 2:15-CV-912 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Dismiss. Plaintiff has not responded to Defendant's Motion.

On June 7, 2016, the Court ordered Plaintiff to file an amended complaint within thirty days to cure certain deficiencies in his original Complaint. Plaintiff failed to do so. On July 20, 2016, the Court issued an Order to Show Cause requiring Plaintiff to respond within thirty days as to why this case should not be dismissed. Again, Plaintiff failed to respond. The Court noted in its Order that failure to do so would result in dismissal without further notice.

Federal Rule of Civil Procedure 41(b) states, "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." "The sanction of dismissal with prejudice for failure to prosecute is a severe sanction, a measure of last resort."[1] In considering whether to dismiss the case with prejudice under Rule 41(b), the Court looks to:

---

[1] *Ecclesiastes 9:10-11, 12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (internal quotation marks and citation omitted).

1

(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[2]

Having considered the above factors, the Court finds that dismissal with prejudice is warranted.  First, Plaintiff's actions have prejudiced Defendant by causing delay and mounting attorney's fees.  Second, Plaintiff's failure to respond to the Court's orders interferes with the judicial process.  Third, Plaintiff's intentional noncompliance with two of the Court's orders speaks to his culpability.  Fourth, the Court warned Plaintiff in its Order to Show Cause that his failure to respond would result in dismissal.  Finally, in light of the Court's multiple unsuccessful attempts to require Plaintiff conform to the judicial process, dismissal with prejudice appears to be the only appropriate sanction.

Accordingly, the Court will grant Defendant's Motion and dismiss this case with prejudice under Rule 41(b).

It is therefore

ORDERED that Plaintiff's Motion to Dismiss (Docket No. 29) is GRANTED.  The Clerk of the Court is directed to close this case forthwith.

DATED this 26th day of September, 2016.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[2] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (quotation marks and citations omitted).